### UNITED STATES v. ONE DODGE AUTOMOBILE et al. et al.

#### Civil Action No. 238.

District Court, S. D. Texas, Laredo Division.

May 25, 1946.

Brian S. Odem, U.S. Atty., of Houston, Tex., and Chas. C. Bowie, Asst. U.S. Atty., of Brownsville, Tex., for libellant.

Horace C. Hall, of Laredo, Tex., for claimant.

HANNAY, District Judge.

This is an Export Control case. The pertinent facts are as follows: On the afternoon of April 2, 1945, Dr. Ricardo Kirchner, a resident of Mexico, D. F., Mexico, arrived at the international footbridge at Laredo, Texas, in a 1942 model Dodge sedan, motor No. D–22–55253–S, bearing Mexican license No. D–7989. Said automobile, except for the fact that it contained property not subject to export without an export license, could have been legally taken back to Mexico.

Upon being asked whether he had any articles acquired in the United States which he was taking to Mexico, Dr. Kirchner replied that he had in his possession a microscope with attachments and a microtome. He was then asked whether he had an individual export license for these articles to be exported from the United States to Mexico, to which he replied that he did not have such license. He was then turned back from the bridge.

Thereafter, Dr. Kirchner proceeded to the office of the Assistant Collector of Customs at Laredo, Texas, and requested permission to export the microscope with attachments and the microtome. He said that these articles were the property of a hospital in Mexico and that he did not own them individually. He was again told that it would be necessary for him to secure an individual export license from the For-

eign Economic Administration, Washington, D.C., to export said articles.

Dr. Kirchner then proceeded from the Customs House to another section of Laredo, Texas, where he parked his car, secreted the microscope and microtome under the hood of the automobile, and returned to the International Bridge. He was again questioned by the officer on duty as to whether he had in his possession any articles which he had acquired in the United States and was taking with him to Mexico. He was also asked directly what he had done with the microscope and the microtome. Dr. Kirchner, who is claimant in this proceeding, replied that he had left the microscope and the microtome with a customs broker in Laredo, Texas, for arrangements to be made for proper exportation to Mexico. Search was then made of the Dodge automobile and the following articles were discovered hidden under the hood of said car:

One Spencer #33 MH Medical microscope

One Spencer Darkfield illuminator–U. S. Army type

One Spencer Transformer

One Spencer Microtome

One Spencer freezing attachment

One Spencer Knife

The Acting Collector of Customs, in view of the above set out facts, caused to be issued the proper legal papers, with due diligence, believing and having probable cause to believe that such an attempt at exportation was in violation of the Export Control Law of July 2, 1940, as amended, 50 U.S.C.A.Appendix, § 701, and the proclamations, rules and regulations issued thereunder.

The above-described property having been duly seized, and libel on the part of the United States being duly filed, as well as other required legal steps taken to effect such purpose, I find, beyond any doubt, that at the time of the detention of the above-described property, claimant herein was deliberately attempting to illegally export said articles, in the automobile sought to be condemned. I find that the Acting Collector of Customs not only had probable

cause for taking such steps as he did, but that proof of such wrongful acts on the part of claimant is clear and positive.

I, therefore, find that the above described microscope with attachments and the microtome, as well as the automobile in question, should be and are hereby forfeited to the United States of America.

Let proper decree be drawn.

The Clerk will notify counsel.